UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| MARVIS MCDANIEL IVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV425-248 |
| | ) | |
| MEMORIAL HEALTH UNIVERSITY MEDICAL CENTER, and MANDY C. EATON, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

*Pro se* plaintiff Marvis McDaniel Ivey filed a Complaint alleging employment discrimination claims under Title VII of the Civil Rights Act of 1964 (Title VII) and the Age Discrimination in Employment Act (ADEA). *See generally* doc. 1. She moved to proceed *in forma pauperis*. Doc. 2. Because her original Motion was ambiguous, the Court directed her to supplement it. Doc. 5. She complied. Doc. 6. Because it appears that Ivey lacks sufficient funds to prepay the filing fee, her request to proceed *in forma pauperis*, as amended, is **GRANTED**. Docs. 2 & 6. The Court, therefore, proceeds to screen Ivey's Complaint, pursuant to 28 U.S.C. § 1915(e).

"Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.* at 678, and the facts offered in support of the claims must rise to a level greater than mere speculation, *Twombly*, 550 U.S. at 555. Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

While the Court can discern the basic facts underlying Ivey's Complaint, it is ultimately too vague to discern any viable claim. Ivey's Complaint alleges that she received an offer of employment as a nurse at

Memorial Health University Medical Center in Savannah, Georgia. *See* doc. 1 at 1-2. A third-party contractor, "Pre-Check" or "PreCheck," not named as a defendant, was unable to verify Ivey's educational background. *Id.* at 2. She claims that the third-party contractor "was unqualified and incompetent," in discharging its obligations. *Id.* She alleges the contractor "conspired" with Defendant Memorial Health. *Id.* at 2-3. She claims that the "inexcusable negligence and tort refusal has not been corrected," and that she is entitled "to punitive damages, tort refusal to supervise damages," and what appears to be an injunction installing her in the previously offered position. *Id.* at 3. Other than the caption, there is no allegation implicating Defendant Eaton in the events alleged. *See generally* doc. 1.

Given the appearance that Ivey is seeking to assert claims arising from federal anti-discrimination statutes exclusively,[1] the first defect in her Complaint is that such claims do not lie against individual

---

[1] It is possible that Ivey could assert some state-law contractual or quasi-contractual claim against Defendant Memorial. Since Ivey does not allege any facts implicating any agreement between her and any other party, alleged any fact that would support this Court's subject matter jurisdiction over such a claim or claims, and because she states explicitly her contention that Defendant Memorial "discriminated against her because of her race and her age," doc. 1 at 1, the Court does not analyze the possibility of such claims in this Order. Ivey is, however, free to clarify her assertion of such claims in any Amended Complaint she submits in compliance with this Order.

3

defendants. Neither the ADEA nor Title VII provides for individual liability at all. *See, e.g., Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007) ("[T]his court has held that neither [Title VII nor the ADEA] countenance individual liability."); *Udoinyion v. The Guardian Security*, 440 F. App'x 731, 734 (11th Cir. 2011) (affirming dismissal of individual defendants "Title VII . . . require[s] that suits be brought only against employer-entities, not persons in their individual capacities."). Notwithstanding the lack of factual allegations implicating Eaton, then, no Title VII or ADEA claim *could* be asserted against her. Given the somewhat ambiguous nature of the claims, however, the Court will not recommend dismissal of Defendant Eaton until Ivey has had the opportunity to amend, as discussed below.

As to Defendant Memorial, Ivey's factual allegations are simply too schematic and vague to state any Title VII or ADEA claim. To plead a prima facie case of racial discrimination, a plaintiff must allege facts showing: (1) she belongs to a protected class; (2) she was qualified to do a job; (3) she was subjected to an adverse employment action; and (4) her employer treated similarly situated employees outside of her class more favorably. *See Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008).

Ivey has not alleged any fact that indicates that a "similarly situated employee[ ] outside of her class," was treated more favorably. *See generally* doc. 1. Similarly, "[i]n order to make out a *prima facie* case for an ADEA violation, the plaintiff may show that she (1) was a member of the protected age group, (2) was subject to adverse employment action, (3) was qualified to do the job, [cit.], and (4) was replaced by a younger individual, or that her employer treated employees who were not members of her protected class more favorably under similar circumstances." *Washington v. United Parcel Serv., Inc.*, 567 F. App'x 749, 751 (11th Cir. 2014) (citations omitted). Again, there is no allegation that a younger employee was installed in the position allegedly offered to Ivey. *See generally* doc. 1. In fact, there are no facts alleged that indicate that Ivey's belief that racial or age-related animus motivated the issues she faced is anything other than speculative. *See, e.g.,* doc. 1 at 6 ("The failure to reinstate my start date, even after the correction, strongly suggests that I was subjected to disparate treatment based on my race and age."). Such vague insinuations cannot support a viable claim. *See, e.g., Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the element of a cause of action will not do.'

5

[Cit.] Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" (citations and internal alterations omitted)).

Despite the Complaint's failure to state a claim upon which relief may be granted, Ivey is entitled to an opportunity to amend it, at least as to her claims against her employer. *See Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("Generally, when a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action." (citations omitted)).  Accordingly, Ivey is **DIRECTED** to file an Amended Complaint no later than November 5, 2025.  The Clerk is **DIRECTED** to include copies of form Pro Se 7 (Complaint for Employment Discrimination) for Ivey's convenience.  Ivey is advised that failure to timely submit her amended pleading may result in dismissal of her case for failing to obey a court order or failure to prosecute. *See* Fed. R. Civ. P. 41(b).  Finally, Ivey has filed a Motion for "service copies," of documents. *See* doc. 7. Since Ivey has been authorized to proceed *in forma pauperis*, if she is able to state a claim, she would be

entitled to service by the United States Marshal. *See* Fed. R. Civ. P. 4(c)(3). Her request is, therefore, **DISMISSED** as premature. Doc. 7.

**SO ORDERED**, this 22nd day of October, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA