**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| MARVIS MCDANIEL IVEY,<br><br>Plaintiff,<br><br>v.<br><br>MEMORIAL HEALTH UNIVERSITY MEDICAL CENTER, *et al.*,<br><br>Defendants. | CIVIL ACTION NO.: 4:25-cv-248 |
| MARVIS MCDANIEL IVEY,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAVANNAH, *et al.*,<br><br>Defendants. | CIVIL ACTION NO.: 4:25-cv-249 |
| MARVIS MCDANIEL IVEY, R.N., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN ROSENBAUM, *et al.*,<br><br>Defendants. | CIVIL ACTION NO.: 4:25-cv-254 |

| | |
|---|---|
| MARVIS MCDANIEL IVEY, R.N.,<br><br>Plaintiff,<br><br>v.<br><br>MARGARET HEAP,<br><br>Defendant. | CIVIL ACTION NO.: 4:25-cv-319 |
| MARVIS MCDANIEL IVEY,<br><br>Plaintiff,<br><br>v.<br><br>CANDANCE BROCE, *et al.*,<br><br>Defendants. | CIVIL ACTION NO.: 4:26-cv-014 |
| MARVIS IVEY, R.N., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA, *et al.*,<br><br>Defendants. | CIVIL ACTION NO.: 4:26-cv-166 |

**O R D E R**

*Pro se* plaintiff Marvis McDaniel Ivey has filed several cases in this Court over the last nine months. See Ivey v. Mem'l Health Univ. Med. Cent., No. 4:25-cv-248, doc. 1 (S.D. Ga. Oct. 15, 2025); Ivey v. City of Savannah, No. 4:25-cv-249, doc. 1 (S.D. Ga. Oct. 15, 2025); Ivey v. Rosenbaum, No. 4:25-cv-254, doc. 1 (S.D. Ga. Oct. 24, 2025); Ivey v. Heap, No. 4:25-cv-319, doc. 1 (S.D. Ga. Dec. 23, 2025); Ivey v. Broce, No. 4:26-cv-014, doc. 1 (S.D. Ga. Jan. 16, 2026);

Ivey v. Bd. of Regents of the Univ. Sys. of Ga., No. 4:26-cv-166, doc. 1 (S.D. Ga. June 26, 2026). Based on her litigation history in this Court and in others, her requests to proceed *in forma pauperis* were denied and she was ordered to pay the filing fee in each of her cases. (See 4:25-cv-248, doc. 15; 4:25-cv-249, doc. 12; 4:25-cv-254, doc. 7; 4:25-cv-319, doc. 7; 4:26-cv-014, doc. 6; 4:26-cv-166, doc. 12.) The deadline for Ivey to comply has expired and she has not paid the filing fee in any of her six cases. (See 4:25-cv-248; 4:25-cv-249; 4:25-cv-254; 4:25-cv-319; 4:26-cv-014; 4:26-cv-166.)

In five of Ivey's cases, she has not filed anything since the prior Order was entered. (See 4:25-cv-248; 4:25-cv-249; 4:25-cv-254; 4:25-cv-319; 4:26-cv-014.) In her most recent case, she has filed additional documents that repeat, and amplify, the fantastical allegations that the Court previously identified. (See, e.g., 4:26-cv-166, doc. 14 (seeking the arrest of United States Magistrate Judge Christopher Ray and raising the same conspiracy theories); doc. 15 (raising allegations on behalf of her son, Marcus Ivey); doc. 17 (referring to the "government human sex trafficking crimes," and alleging Judge Ray "has subjected the United States District Court to treason"); doc. 20[1] (reasserting the existence of a criminal conspiracy involving the local police, the mayor of Savannah, an attorney, prison guards, and the Dekalb County Police).). She has also sought recusal of both Judge Ray and the Undersigned. (Doc. 13; doc. 19.)

Recusal is governed by 28 U.S.C. §§ 144 and 455. Jones v. Commonwealth Land Title Ins. Co., 459 F. App'x 808, 810 (11th Cir. 2012). Under § 144, a judge must recuse himself when a party to a district court proceeding "files a timely and sufficient affidavit that the judge before

[1] Plaintiff's "Motion to Convene Three-Judge Panel for the Release of Marcus Ivey Wrongfully Incarcerated" seeks, among other things, the release of Marcus Ivey from his confinement in a Georgia prison. (See generally doc. 20.) In addition to the—charitably—questionable nature of its factual allegations, the Motion seeks relief that is unavailable in this civil litigation. "Habeas is the exclusive remedy . . . for the prisoner who seeks immediate or speedier release from confinement." Skinner v. Switzer, 562 U.S. 521, 525 (2011) (internal quotations and citation omitted).

whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000). Under 28 U.S.C. § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," or under specifically enumerated circumstances, which include "personal bias or prejudice concerning a party." 28 U.S.C. § 455(a)-(b).

The Eleventh Circuit Court of Appeals has explained that the party seeking recusal must allege facts in the affidavit which "show that the judge's bias is personal, as opposed to judicial, in nature." Hepperle v. Johnston, 590 F.2d 609, 613 (5th Cir. 1979) (citation omitted).[2] Furthermore, allegations of personal bias and prejudice which would disqualify a judge under § 455 must be based on an "extrajudicial source." Liteky v. United States, 510 U.S. 540, 553 (1994); see also Thomas v. Tenneco Packaging Co., 293 F.3d 1306, 1329 (11th Cir. 2002) (explaining bias necessary to disqualify judge "must stem from extrajudicial sources"). That is, the § 455 analysis should not rest on judicial conduct. Hepperle, 590 F.2d at 614 (citations omitted). As the Supreme Court explained, "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." Liteky, 510 U.S. at 555.

Plaintiff's Motions for Recusal of both Judge Ray and the Undersigned assert the same type of frivolous allegations as those previously discussed. (See generally 4:26-cv-166, docs. 13

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

& 19.) Importantly, for purposes of the relevant inquiry, where her contentions are not wholly irrelevant or detached from reality, Plaintiff complains solely of judicial conduct. (Id.) Plaintiff's disagreement with the Court's analysis and rulings is not sufficient to justify recusal. As set forth above, judicial rulings alone are not a sufficient basis for recusal. Liteky, 510 U.S. at 555; see also Deems v. C.I.R., 426 F. App'x 839, 843 (11th Cir. 2011) (per curiam) (explaining disqualification not appropriate based on judge's ruling in the case). Therefore, the Court **DENIES** Plaintiff's motions for recusal. (4:26-cv-166, docs. 13 & 19.)

The Court's prior Order warned Ivey that failure to timely pay the filing fee in each of her pending cases would result in dismissal. (See 4:25-cv-248, doc. 15; 4:25-cv-249, doc. 12; 4:25-cv-254, doc. 7; 4:25-cv-319, doc. 7; 4:26-cv-014, doc. 6; 4:26-cv-166, doc. 12); see also L.R. 4.2(2). She did not heed that warning.[3] Her cases are, therefore, **DISMISSED** for her failure to comply with the prior Order and her failure to pay any of the filing fees. See Fed. R. Civ. P. 41(b); L.R. 4.2(2); L.R. 41.1. The Clerk of Court is **DIRECTED** to enter the appropriate judgment in each of Ivey's cases and **CLOSE** each case. (4:25-cv-248; 4:25-cv-249; 4:25-cv-254; 4:25-cv-319; 4:26-cv-014; 4:26-cv-166.)

**SO ORDERED**, this 25th day of August, 2026.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

[3] While Plaintiff did file a document captioned "Motion for Extension of Time," it does not seek an extension of Plaintiff's deadline to pay the filing fee. (See generally 4:26-cv-166, doc. 15.)